UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

VERSATRANS, INC., a corporation,

    Plaintiff,

                                       Case No. 2:24-cv-11078

v.

VERSA PRINTING, INC.,            JURY TRIAL DEMANDED

    Defendant.

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, DILUTION, AND FOR CYBERSQUATTING**

Plaintiff, Versatrans, Inc., ("Plaintiff" or "Versatrans") brings its Complaint against Versa Printing, Inc. ("Defendant" or "VP") and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Versatrans is a Michigan corporation with its principal place of business in Plymouth, Michigan.

2. Defendant Versa Printing, Inc., is a corporation organized under the laws of Texas with its mailing address at 2631 Brenner Dr, Dallas, Texas 75220.

3. This Court's jurisdiction arises from the fact that this is a civil action brought under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.*, jurisdiction being conferred in accordance with 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court also has jurisdiction over all other claims herein in accordance with 28 U.S.C. § 1338(b) and due to the fact that this is a civil action among citizens

of different states and countries in which the value of the matter in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Defendants because they have expressly aimed tortious activities toward the State of Michigan and established sufficient minimum contacts with Michigan by, among other things, advertising and selling infringing products or services bearing Plaintiff's trademarks to consumers in Michigan through one or more highly interactive commercial websites in the regular course of business. Defendant has known that Plaintiff is located in Michigan from at least Plaintiff's cease-and-desist letter, and Defendant has not stopped its contacts with Michigan even with that knowledge. Versatrans's claims arise out of Defendant's direct sale of infringing products to Michigan residents.

5. This Court has supplemental jurisdiction over Versatrans's state law claims because they are related and part of the same transaction or controversy. 28 U.S.C. § 1367.

6. Venue is proper in this Court under 28 U.S.C. § 1391(d) because Defendant's contacts with this district are sufficient to be subject to personal jurisdiction.

## PLAINTIFF, ITS NAME, AND MARKS

7. Versatrans has been in business producing and selling heat transfers and heat transfer customization services for over 25 years.

8. Versatrans has long been established as one of the leading heat transfer firms in the industry and partners with custom apparel producers throughout the country.

9. Versatrans has continuously used its mark in interstate commerce and in connection with the advertising, promotion, and provision of its products and services.

10. Versatrans also promotes its products and services on its Internet web site, located at the URLs "versatranz.com" and "versatranstransfers.com," including custom transfers and vinyl transfers of high-quality images onto apparel and accessories.

11. As a result of Versatrans's extensive use of its mark, the mark has acquired a strong distinctiveness and secondary meaning, signifying Versatrans's heat transfer products and services.

12. Since at least April 1997, and prior to any date of use of the marks VERSA TRANS and VERSA PRINTING by Defendant, Versatrans has continually used its mark VERSATRANS in interstate commerce in connection with heat transfer products and services.

13. Versatrans is the owner of U.S. Registration No. 2160399, for the mark VERSATRANS, for use on heat transfer paper featuring designs for clothing, registered on May 26, 1998. A copy of the TSDR record is attached herewith as Exhibit 1.

14. Versatrans is the owner of U.S. Registration No. 5443162, for the mark VERSATRANS, for use on custom transfer printing services, registered on April 10, 2018. A copy of the TSDR record is attached herewith as Exhibit 2.

15. Versatrans also is the owner of Canadian Registration No. TMA83383 for the mark VERSATRANS for use on heat transfer paper featuring designs for clothing.

16. Plaintiff's aforesaid US registrations are valid, subsisting, and incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and constitutes conclusive evidence of Versatrans's exclusive right to use each mark in commerce.

**DEFENDANT'S USE OF VERSATRANS'S MARKS**

17. Defendant is engaged in providing services for printing, including paper products, banners, and apparel.

18. Defendant also manufactures and works with heat transfers for its products in direct competition with Versatrans.

19. Long after Versatrans's adoption, first use, and federal registration of its VERSATRANS marks, including the acquisition of the mark's great

4

distinctiveness and fame, Defendant adopted and began using VERSA PRINTING as a trade name and service mark for its business and services.

20. Defendant offers custom apparel and transfers, namely hear transfers, under the names and marks of "VERSA PRINTING" and "VERSA TRANSFERS," hereinafter referred to as "the Infringing Marks."

21. Defendant's use of the Infringing Marks is without authorization from Plaintiff.

22. The Infringing Marks are similar in sound, appearance and commercial impression to Plaintiff's mark VERSATRANS.

23. Upon information and belief, Defendant has registered the domain names "versaprinting.com," and "versatransfers.com" (the "Infringing Domain Names") with the domain registrar GoDaddy.com, LLC.

24. The Infringing Domain Names were registered in March 2005 ("versaprinting.com") and February 2024 ("versatransfers.com") respectively.

25. The Infringing Websites note that customers can contact the website owner at Defendant's registered mailing address on Brenner Dr. in Dallas, Texas.

26. Defendant uses the Infringing Websites to advertise its products and services, boasting that Defendant is "[t]he leader in full-color heat transfers" and can "print any design you can imagine onto transfer film." Exhibit 3.

27. Defendant's offerings mirror Versatrans's, not only in the Domain Names but also by offering the transfer of artwork or logos onto apparel and accessories.

28. Defendant's products and apparel transfer and customization services are closely related to Versatrans's products and services and likely to cause confusion among consumers.

29. The close relation is strikingly apparent by Defendant's use of the Domain Names and custom transfer services together.

30. Defendant continues the use of the VERSA PRINTING and VERSA TRANSFERS marks despite Versatrans's requests that it cease.

31. Defendant has sold products or services through its Infringing Websites to customers in this judicial district.

32. Defendant's actions greatly and irreparably damage Versatrans and will continue to damage Versatrans unless enjoined by this Court.

## COUNT I
## TRADEMARK INFRINGEMENT

33. Versatrans realleges and incorporates by reference the allegations set forth in the previous paragraphs herein.

34. Each of Defendant's marks, VERSA TRANSFERS and VERSA PRINTING are similar to Versatrans' mark VERSATRANS in sound, appearance and commercial impression.

6

35. The goods and services provided by Defendant under each of the Infringing Marks are identical or related to Plaintiff's goods and services.

36. The goods and services provided by Defendant under each of the marks are targeted to similar customers as Plaintiffs.

37. Defendant's aforesaid use of each of the marks VERSA PRINTING and VERSA TRANSFERS has caused and is likely to continue to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendant's services, in that the general public and others are likely to believe that Defendant's services emanate from Versatrans or are legitimately connected with, approved by, or related to Versatrans.

38. Plaintiff has been and will continue to be damaged by the use of the Infringing Marks in the marketplace.

39. Defendant's aforesaid use of Versatrans's name and marks constitutes service mark infringement under the Trademark Laws of the United States, 15 U.S.C § 1114(1).

## COUNT II
## UNFAIR COMPETITION

40. Versatrans realleges and incorporates by reference the allegations set forth in the previous paragraphs herein.

41. Defendant's aforesaid use of Versatrans's name and marks constitutes the use of a false designation of origin and false representation of Defendant and its

business and services as being legitimately affiliated, connected, or associated with Versatrans, in violation of 15 U.S.C. § 1125(a).

42. Defendant's aforesaid acts constitute unfair competition with Versatrans under the common law and results in the unjust enrichment of Defendant.

## COUNT III
## TRADEMARK DILUTION

43. Versatrans realleges and incorporates by reference the allegations set forth in the previous paragraphs herein.

44. As a result of Versatrans's aforesaid extensive use and promotion, its VERSATRANS marks are famous and have become famous prior to Defendant's use of such marks and colorable imitations thereof on the Infringing Websites, in the domain names themselves, and otherwise in connection with its business and services.

45. Defendant's aforesaid use of the VERSA PRINT and VERSA TRANSFERS marks dilutes and is likely to continue to dilute the distinctive quality of Versatrans's name and marks, in violation of the 15 U.S.C. § 1125(c).

46. The similarity between VERSA PRINT, VERSA TRANSFERS, and VERSATRANS gives rise to a false association between Defendant's products and services and a connection with Versatrans.

47. Defendant's aforesaid acts are likely to dilute the distinctive quality of Versatrans's mark, impair the distinctiveness or harm the reputation of the mark, and

8

continue to cause damages to Versatrans.

## COUNT IV
## VIOLATIONS OF 15 U.S.C. § 1125(d)

48. Versatrans realleges and incorporates by reference the allegations set forth in the previous paragraphs herein.

49. Defendant's domain names "versaprinting.com" and "versatransfers.com" are confusingly similar to and dilutive of Versatrans's marks.

50. Defendant registered and uses the domains "versaprinting.com" and "versatransfers.com" in interstate commerce, selling its goods and services.

51. Defendant's use is with a bad faith intent to profit off of the similarity with Versatrans's mark as Defendant has no trademark or intellectual property rights in the domain names and they are confusingly similar to Versatrans's well-established mark.

52. Defendant's aforesaid acts violate the Anti-Cybersquatting Act, 15 U.S.C., *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1. Defendant and its agents, servants, employees, attorneys, and all others holding by, through, or under Defendant, or in active concert or participation with Defendant, be enjoined and restrained during the pendency of this action, and permanently thereafter, from:

    (a) using the designation VERSA PRINTING and VERSA TRANSFERS or any colorable imitation or simulation thereof to identify Defendant's business, goods or services;

    (b) using or maintaining registrations of the domain names "www.versaprinting.com" and "www.versatransfers.com" or any other domain name containing the mark VERSATRANS or colorable imitations thereof;

    (c) doing any other act or thing likely to induce the belief that Defendant's business or services are in any way connected with or authorized by Versatrans or that Defendant's goods or services are sponsored or approved by Versatrans;

    (d) doing any other act or thing likely to diminish or debilitate the selling power or otherwise dilute the distinctive quality of Versatrans's VERSATRANS mark or injure Versatrans's business reputation.

  2. Defendant be required to pay to Versatrans all damages that Versatrans has suffered by reason of Defendant's unlawful use of Versatrans's name and marks, in accordance with 15 U.S.C. § 1117.

  3. Defendant be ordered to execute the forfeiture or transfer of the domain names "versaprinting.com" and "versatransfers.com" to Versatrans.

  4. Defendant be required to account and pay to Versatrans all profits wrongfully derived by Defendant through its infringement of Versatrans's name and marks.

  5. Defendant be required to pay Versatrans three times Defendant's profits or Versatrans's damages, whichever is greater, for its trademark infringement and unfair competition, pursuant to 15 U.S.C. §1117.

6. Defendant be required to pay Versatrans punitive damages in an amount to be determined by this Court for Defendant's deliberate and willful unfair competition.

7. Defendant be required to pay Versatrans the costs of this action and Versatrans's reasonable attorneys' fees and costs incurred herein, pursuant to 15 U.S.C. §1117(a).

8. Defendant be required to file with this Court and serve on Versatrans a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of any injunction entered by this Court.

9. Any other and further relief as this Court deems just and equitable.

## Jury Demand

Plaintiff demands a trial by jury on all counts.

Dated: April 23, 2024                             Respectfully submitted,

*/s/ George S. Fish*
George S. Fish (P51298)
Young Basile Hanlon & MacFarlane, P.C.
3001 W. Big Beaver Rd., Suite 624
Troy, MI 48084
(248) 649-3333 / (248) 649-3338 Fax
fish@youngbasile.com
*Counsel for Plaintiff*